IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYAD M. NAHLAWI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 11303 |
| | ) | |
| CAROL S. ANDERSON, et al., | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM ORDER

Because of this Court's heavy involvement in the preparation for and conduct of a civil case trial in an extraordinarily complex multiparty and multiclaim action during this past month (plus, of course, its ongoing conduct of status and motion hearings in the other cases on its calendar), this Court was unable during the past month to follow its normal practice of regularly reviewing civil case report printouts in an effort to police any noncompliance by attorneys with the mandate of this District Court's LR 5.2(f).[1] With the jury in that trial having returned its verdict yesterday, this Court has promptly obtained such a printout that discloses this to be one of the cases in which counsel have been delinquent in that respect.

That delinquency is particularly troubling in a case such as this one, which presents an appeal from a ruling of the Bankruptcy Court. In such cases this Court always seeks to conduct a very early status hearing, not simply to discuss counsel's required provision of the paper copies

---

[1] In an effort to monitor compliance with that requirement (which has regrettably not always been adhered to by lawyers), both this Court's secretary and its courtroom deputy maintain lists of all deliveries by counsel to this Court's chambers. Although that recordkeeping is intended to be error-free, if counsel here were to establish that what is said in this memorandum order is in error, the sanction called for by this memorandum order will of course be rescinded.

of the record needed for consideration of the appeal (by contrast, in an ordinary newly-filed action the only missing document is a hard copy of the complaint, sometimes accompanied by an application for in forma pauperis treatment or a motion for appointment of counsel or both), but also importantly in an effort to spare counsel the need to engage in duplicative work in the way of legal memoranda and perhaps other documents.

Accordingly counsel for appellant Ayad Nahlawi is ordered to deliver forthwith to this Court's chambers paper copies of all Bankruptcy Court documents required for this Court's review of Bankruptcy Judge Jacqueline Cox's orders that are the subject of his appeal, together with a check payable to the "Clerk of Court" in the sum of $200 as a fine for noncompliance with LR 5.2(f). This Court then anticipates its prompt setting of an initial status hearing date, or perhaps the issuance of some other order that may be appropriate in light of the delivered documents.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 15, 2016