# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **AYAD M. NAHLAWI**, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 11303 |
| | ) | |
| **CAROL S. ANDERSON**, et al., | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 15, 2015 appellant Ayad Nahlawi ("Nahlawi") filed a Notice of Appeal
("Notice") to this Court from two orders of the Bankruptcy Court: its October 27, 2015 Order
granting the motion of debtors Mark and Carol Anderson (collectively "the Andersons") for
compensation relating to their motion to enforce the automatic stay provided by 11 U.S.C. § 362
("Section 362") and its December 1, 2015 order denying Nahlawi's motion for reconsideration of
that October 27 Order. But then, having filed the Notice, Nahlawi and his counsel totally
neglected to comply with their obligation to file and serve a designation of the appellate record
and of the issues on appeal -- and that neglect extended to their failure to file a timely motion
either seeking an extension for that purpose or providing any explanation for their
noncompliance with the applicable requirements.

When this Court then entered a January 15, 2016 memorandum order that fined Nahlawi
and his counsel $200 for those failures and required that they cause paper copies to be delivered
to this Court's chambers comprising all Bankruptcy Court documents needed for the review of
the two orders sought to be appealed, nothing was heard from Nahlawi or his counsel until after

the Andersons' counsel filed a January 26 motion to dismiss the appeal. At the February 2

presentment date of that motion, this Court ordered Nahlawi's counsel to respond to the motion

to dismiss by February 8, and such a response was timely filed -- a response that was

accompanied by a belated motion for an extension of time to file the required designation of the

appellate record and the statement of issues raised on appeal.

That sequence of events and the contents of the parties' cross-submissions have

unquestionably confirmed that Nahlawi and his counsel were guilty of neglect in failing to

comply with the operative filing requirements and in failing even to seek an extended time table

for such filing, so the question is whether that neglect was <u>excusable</u> -- as Fed. R. Bankr. P.

9006(b)(1) provides (its subpart (2) is applicable because Nahlawi's counsel failed to file a

motion to enlarge time before the specified period expired):

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is
> required or allowed to be done at or within a specified period by these rules or by
> a notice given thereunder or by order of court, the court for cause shown may at
> any time in its discretion (1) with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the period
> originally prescribed or as extended by a previous order or (2) on motion made
> after the expiration of the specified period permit the act to be done where the
> failure to act was the result of excusable neglect.

As for excusability vel non, this Court will accept for present purposes the assertion by

Nahlawi's counsel that he has other legal commitments (and, indeed, extensive ones). But that

does not at all justify or excuse his total failure to spend the fraction of an hour that would have

been needed to prepare and submit a simple and timely request for an extension of time. And as

for counsel's other "excuse" set out in Paragraphs 31 and 32 of his responsive memorandum,[1] it brought to mind Charles Dickens' reference to Mr. Micawber:

"In case anything turned up," which was his favorite expression.

Nor is that lame effort to assert the claimed excusability of Nahlawi's and his counsel's neglect their only deficiency in that respect. This Court was initially struck by this apparently gratuitous "Introduction" section to Nahlawi's responsive memorandum (emphasis in original):

> The issues presented by the instant appeal <u>relate only</u> to proceedings before the Bankruptcy Court, Judge Jacqueline P. Cox, stemming from a motion filed on September 10, 2015 by Mark E. Anderson and Carol S. Anderson against Ayad M. Nahlawi for his alleged willful violation of the automatic stay pursuant to Section 262(k)(1) of the Bankruptcy Code. No other proceedings or issues are relevant or should have any bearing on this Court's consideration of the issues framed by Nahlawi's Notice of Appeal filed on December 15, 2015.

But that effort to steer clear of what are obviously facts that bear directly on their current neglect and, more importantly, on its inexcusability plainly seeks to divert attention from the fact that their current delinquency is a virtual replay of their having committed the identical offense before this Court's colleague Honorable James Zagel just under a year ago in Case No. 15 C 1161. Ex. A to this opinion is a copy of Judge Zagel's brief opinion granting the Andersons' motion to dismiss an earlier appeal with prejudice -- and to do so because of inexcusable neglect -- while Ex. B is a self-explanatory order from our Court of Appeals granting the Andersons' motion to dismiss Nahlawi's appeal from that ruling.

---

[1] In the first of those paragraphs, counsel adds to his reference to "an unusually demanding and heavy workload" the assertion that he "was simultaneously hoping that additional counsel would be retained to provide assistance on this appeal." Even that asserted "hope" was watered down in the following paragraph, which referred only to "the hope that additional counsel <u>might</u> be retained to assist."

In response to this Court's inquiry of the Andersons' counsel at the time of its oral ruling on the current motion on February 11, it was advised that the occasion for the Bankruptcy Judge's imposition of something close to a $7,000 price tag for a violation of the automatic stay under Section 362 was not attributable to Nahlawi's initial filing of a state court lawsuit against the Andersons after they had already filed for bankruptcy (Nahlawi's counsel has stated that his client was unaware of the bankruptcy filing, so as to render that initial filing non-willful). Instead the predicate for the near-$7,000 imposition was that the violation of the automatic bankruptcy stay, though presumably non-willful at the outset, became willful when Nahlawi and his counsel fought and continued to fight actively in opposition to the Andersons' motion that the state court action should be dismissed (it will be remembered that Section 362 expressly makes the continuation as well as the commencement of litigation a violation of the automatic stay).

In any event, the bottom line is that Nahlawi's admitted neglect was truly inexcusable under the standard articulated in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 387-94 (1993), and especially id. at 395-97, followed by other cases applying the same standards (see, e.g., In re Telesphere Commc'ns, 177 F.3d 612, 616-17 (7th Cir. 1999). Indeed, it is painfully obvious why Nahlawi and his counsel injected, at the outset of their current response, a request that this Court don blinders by ignoring their comparable misconduct vis a vis the selfsame Andersons with whom they have crossed swords here. Judge Zagel found their neglect before him to be inexcusable and calling for dismissal, and Judge Manion of our Court of Appeals found their continuing neglect just as inexcusable and dismissed their appeal from that

ruling.[2]  Hence both precedent and the rule of law demand the same result here:   This Court

grants the Andersons' motion (Dkt. No. 7) to dismiss Nahlawi's appeal.

_Milton I. Shadur_ (signature)

_____

Milton I. Shadur
Senior United States District Judge

Date:  February 12, 2016

---

[2]  As Ex. 2 reflects, Nahlawi's counsel in that proceeding was the same lawyer who represents him currently -- and someone as to whom Circuit Judge Manion found it appropriate to inform the Illinois ARDC of the matter.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

Carol S. Anderson, *et al.*

        Debtors/Debtors-in-Possession,

_____

Ayad M. Nahlawi,

        Appellant,

        v.

Mark E. Anderson and Carol S. Anderson,

        Appellees.

No. 13-38712
Judge Pamela S. Hollis
Chapter 11
(Jointly Administered and
Substantively Consolidated)
Adv. No. 14-00479

No. 15 C 1161
Judge James B. Zagel

### MEMORANDUM OPINION AND ORDER

This case is about Appellant Ayad M. Nahlawi's repeated and continued failure to meet court-ordered and statutorily imposed deadlines. After the Bankruptcy Court dismissed Nahlawi's Adversary Complaint for being untimely filed, Nahlawi filed an untimely motion to extend time for appeal, which was denied. Not surprisingly, when Nahlawi appealed the Bankruptcy Court's decision, he failed to file a statement of issues and designation of record within the deadlines imposed by Rule 8009 of the Federal Rules of Bankruptcy Code.

Presently before this court is Appellees' motion to dismiss Nahlawi's appeal under Rules 8001 and 8009 of the Federal Rules of Bankruptcy Procedure. Although timeliness issues under Rule 8009 are a matter of discretion, multiple failures are generally unacceptable. Accordingly, I am granting Appellees' motion to dismiss Nahlawi's appeal with prejudice.

ENTER:

James B. Zagel
United States District Judge

DATE: March 26, 2015

Ex. A

1

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

November 17, 2015

*Before*

### DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 15-1843 | IN RE: MARK E. ANDERSON, et al., Debtors - Appellees |
| | APPEAL OF: AYAD M. NAHLAWI |

**Originating Case Information:**

District Court No: 1:15-cv-01161
Northern District of Illinois, Eastern Division
District Judge James B. Zagel

The following is before the court: **MOTION OF APPELLEES CAROL S. ANDERSON AND MARK ANDERSON TO DISMISS APPEAL**, filed on November 16, 2015, by counsel for the appellees.

This court has granted the appellant in this case three extensions of time to file an opening brief. In the order granting appellant a second extension of time, this court cautioned appellant's counsel, Kevin Besetzny, to "make this appeal a priority." Besetzny disregarded that directive and failed to file an opening brief. This court then granted a third—and final—extension of time. The court's order stated that the opening brief was due on November 13, 2015, and warned that "[n]o further extensions of time to file the opening brief will be granted." Despite this warning, Besetzny failed to abide by the deadline and did not file an opening brief on behalf of his client.

The appellees now move to dismiss the appeal pursuant to Federal Rule of Appellate Procedure 31(c). In light of Besetzny's failure to file an opening brief on his client's behalf,

**IT IS ORDERED** that the appellees' motion is **GRANTED**. This appeal is **DISMISSED** for lack of prosecution. See Cir. R. 31(c)(2).

In addition, the clerk of this court shall transmit a copy of this order to Illinois's Attorney Registration and Disciplinary Commission for any action it deems appropriate.

form name: c7_FinalOrderWMandate(form ID: 137)